JUSTICE TRIEWEILER
specially concurring.
¶91 I concur with the result of the majority opinion; however, I would not engage in the majority’s analysis of whether the State of Montana, through its Department of Family Services, had a common law duty to disclose information in its possession regarding the adopted child’s family histoiy of mental illness or emotional disturbance.
¶92 Analysis of a common law duty, based on our prior cases, involves a cumbersome and subjective analysis of foreseeability and public policy. That analysis is unnecessary in this case because it has already been done by the Legislature and the Department of Social and Rehabilitation Services. Furthermore, the discussion related to that analysis infers that every case alleging nondisclosure of information will have to be individually evaluated for a causal relationship between the information withheld and the adopted child’s condition. None of that analysis is necessary because of the statutory and regulatory obligation imposed on the Department which is noted in the majority opinion.
¶93 I concur with the majority that the State had a duty, pursuant to § 40-8-122, MCA, to disclose medical information and the social history of the adopted child and his biological parents. By administrative rule, that information was to include background information on the biological parents. Certainly, in light of the adoptive parents’ inquiries in this case, the most significant background information regarding these biological parents related to their mental health.
¶94 We have previously held that statutes establish a duty. It is assumed that when the Legislature enacts statutes, or administrative agencies enact rules, they do so because of the foreseeability of harm if the statute or rule is not followed. It is also assumed that statutes, and administrative rules which are consistent with those statutes, are a reflection of public policy in Montana. Therefore, I conclude that once having determined that the State of Montana had *503 a statutory duty to disclose the medical and psychological history of the adopted child’s biological parents, it was unnecessary to discuss whether, under the circumstances in this case, there was also a common law duty. I furthermore conclude that by reaching the issue of whether there was a common law duty, the majority has encouraged the trial courts and bar to analyze each similar claim on a case-by-case basis to determine whether, in fact, a causal connection can be established between the information withheld and the condition of the adopted child when, in fact, such an analysis is irrelevant to the establishment of the duty imposed by statute in Montana.
¶95 For these reasons, while I concur with the majority’s conclusion that the State of Montana had a duty to disclose all relevant medical and psychological information about the adopted child and his biological parents, I conclude that it is unnecessary to discuss whether that duty arises by common law. Therefore, I specially concur with the majority opinion.